UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re: **Robert A. Maynard**
**Amy L. Maynard**,
Debtor(s).

CHAPTER 13
CASE NO: **17-30337**
JUDGE

## ORDER CONFIRMING PLAN

The Debtor(s)' Chapter 13 plan was duly served on all parties in interest. A hearing on confirmation of the plan was held after due notice to parties in interest. Objections, if any, have been resolved. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 USC §1325(a) are met.

Therefore, IT IS HEREBY ORDERED that the Debtor(s)' Chapter 13 plan, as last amended, if at all, is confirmed.

IT IS FURTHER ORDERED that the claim of **John L. Hicks P44667,** Attorney for the Debtor(s), for the allowance of compensation and reimbursement of expenses is allowed in the total amount of $ **FEE APP** in fees and $ **FEE APP** in expenses, and that the portion of such claim which has not already been paid, to-wit: $ **FEE APP** shall be paid by the Trustee as an administrative expense of this case. The trustee shall hold $4,000.00 for fee application.

IT IS FURTHER ORDERED that the Debtor(s) shall maintain all policies of insurance on all property of the Debtor(s) and this estate as required by law and contract.

All filed claims to which an objection has not been filed are deemed allowed pursuant to 11 USC §502(a), and the Trustee is therefore ORDERED to make distributions on these claims pursuant to the terms of the Chapter 13 plan, as well as all fees due the Clerk pursuant to statute.

IT IS FURTHER ORDERED as follows: [*Only provisions checked below apply*]

☒ The Debtor(s) shall remit 0% of all tax refunds to which Debtor(s) is/are entitled during the pendency of the Plan and shall not alter withholdings without Court approval.

☒ The Debtor(s)' Plan shall continue for no less than 60 months.

X   The claim of Partners for Payment Relief shall be paid pursuant to terms of the permanent loan modification agreement entered on 8/14/17 docket #64.

X   Capital One Auto Finance shall have a secured claim of $21,159.39 with 5% interest thereon for 2015 Chevy Traverse.

X   Ditech Financial LLC may file a notice pursuant to 3002.1 or a supplemental proof of claim for any tax or insurance advances made since Debtor filed their bankruptcy petition.

**X**     Effective September 1, 2017, if the Debtor fails to maintain property taxes or maintain homeowners insurance as required by the mortgage agreement, Creditor Ditech may file a Notice of Default on Debtor, Debtor's counsel, and Trustee. If the default is not cured, Creditor may submit an order Vacating the Automatic Stay. The cure period for property taxes is 60 days. The cure period for any lapse in insurance is 14 days. Debtor is limited to 2 opportunities to cure insurance defaults. A third default in regard to insurance shall result in Creditor immediately submitting the order of relief with the notice. Creditor's fees and costs associated with any defaults may be recoverable by filing a claim.

**X**     The Debtor(s)' plan payments shall increase to $1,860.00 per Month beginning 9/12/17.

## Objections Withdrawn

/s/ Lesley A. Hoenig
Lesley A. Hoenig (P71763)
Attorney for Partners for Payment Relief DE II, LLC
Of Counsel for Barham Legal, LLC
407 E Broadway
Mount Pleasant, MI 48858
(989) 773-0900
lesley@hoeniglaw.com

/s/ Brian Yoho
Brian Yoho (P-66140 )
Trott Law P.C.
Attorney for DiTech Financial
31440 Northwestern Ste 200
Farmington Hills, MI 48334
(248) 642-2515
EasternECF@trottlaw.com

## Approved:

/s/ Carl Bekofske
Chapter 13 Standing Trustee
400 N. Saginaw St, Ste 331
Flint MI 48502
(810) 238-4675
ecf@flint13.com
P10645

/s/ John L. Hicks
John L. Hicks (P44667)
Debtor Attorney
412 S. Saginaw 1st Floor
Flint, MI 48502
(810) 232-2223
jlhicksoffice@gmail.com

**Signed on September 13, 2017**



/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**